# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

HANNA KQIRA

vs.

WAWA INC

NO. 2021-07097

### NOTICE TO DEFEND - CIVIL

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

HANNA KQIRA

vs.

WAWA INC

NO. 2021-07097

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: GRAHAM BAIRD, Esq., ID: 92692

Self-Represented (Pro Se) Litigant [ ]

**Class Action Suit**   [ ] Yes   [X] No

**MDJ Appeal**   [ ] Yes   [X] No

**Money Damages Requested** [X]

**Commencement of Action**:

Complaint

**Amount in Controversy**:

More than $50,000

## Case Type and Code

Contract: _____

Employment Dispute: Discrimination

**Other:** _____

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
_____Montgomery_____ County

**For Prothonotary Use Only:**

Docket No: _____

*TIME STAMP*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: Hanna Kqira | Lead Defendant's Name: Wawa, Inc. |
|---|---|
| **Are money damages requested?** [X] Yes [ ] No | **Dollar Amount Requested:** (check one) [ ] within arbitration limits [X] outside arbitration limits |
| **Is this a *Class Action Suit*?** [ ] Yes [X] No | **Is this an *MDJ Appeal*?** [ ] Yes [X] No |

Name of Plaintiff/Appellant's Attorney: ___Graham F. Baird, Esq.___

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____
- [X] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents.

SEE SECTION B

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.   Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

   (i)   actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

   (ii)   actions for support, Rules 1910.1 et seq.

   (iii)   actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

   (iv)   actions for divorce or annulment of marriage, Rules 1920.1 et seq.

   (v)   actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

   (vi)   voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)   At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)   The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)   The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)   A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)   The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

THE LAW OFFICES OF ERIC A. SHORE
BY: GRAHAM BAIRD, ESQUIRE
I.D. No. 92692
2 Penn Center, Suite 1240
1500 JFK Boulevard
Philadelphia PA  19102
(267) 546-0131                                                                  Attorney for Plaintiff, Hanna Kqira

---

| | | |
|---|---|---|
| HANNA KQIRA<br>5639 Amelia Plantation Drive<br>Katy, TX 774449 | : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>MONTGOMERY COUNTY<br><br>CIVIL ACTION |
| Plaintiff, | : | No. |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| WAWA, INC.<br>705 South Trooper Road<br>Norristown, PA 19403 | : <br> : <br> : | |
| And | : | |
| WAWA, INC.<br>260 West Baltimore Pike<br>Wawa, PA 19063 | : <br> : <br> : | |
| Defendants. | : <br> : | |

---

### NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GOT TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Montgomery Bar Association**
Lawyer Referral and Information Service
100 W. Airy Street
Norristown, PA 19401
Telephone: 610-279-9660

**THE LAW OFFICES OF ERIC A. SHORE**
**BY: GRAHAM BAIRD, ESQUIRE**
I.D. No. 92692
2 Penn Center, Suite 1240
1500 JFK Boulevard
Philadelphia PA  19102
(267) 546-0131                                                     Attorney for Plaintiff, Hanna Kqira

---

| | | |
|---|---|---|
| HANNA KQIRA<br>5639 Amelia Plantation Drive<br>Katy, TX 774449 | : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>MONTGOMERY COUNTY<br><br>CIVIL ACTION |
| Plaintiff, | : | No. |
| v. | : <br> : | JURY TRIAL DEMANDED |
| WAWA, INC.<br>705 South Trooper Road<br>Norristown, PA 19403<br><br>And<br><br>WAWA, INC.<br>260 West Baltimore Pike<br>Wawa, PA 19063 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : <br> : | |

---

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

    1.    Plaintiff, HANNA KQIRA (hereinafter "Plaintiff") is an adult individual residing at the above address.

    2.    Defendant, WAWA, INC. (hereinafter "Wawa") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address.

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3. Defendant, WAWA, INC. (hereinafter "Wawa") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a corporate headquarters at the above captioned address. Both Defendants are hereinafter collectively referred to as "Defendants".

4. At all times material hereto, Defendants qualified as Plaintiff's employer pursuant to the Civil Rights Act of 1964, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

5. This action is instituted pursuant to the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

8. Plaintiff has satisfied the administrative prerequisites and exhausted her administrative remedies prior to bringing this civil rights claim. [Exh. A.]

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

10. In or around January of 2018, Plaintiff and her partner of the same sex were both employed by Defendants.

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

11. Plaintiff and her partner worked primarily out of Defendant's store located in Audubon, Pennsylvania.

12. Plaintiff was primarily overseen by Defendants' store manager, Ralph Sposato.

13. During her employment, Plaintiff became aware that Mr. Sposato had left out a note that Defendants' customer service associate, Tarry Hilberg, should make an effort to keep Plaintiff and her same-sex partner separate.

14. Upon information and belief, similarly-situated employees of opposite-sex relationships or who are in the same family or otherwise related, were not subjected to similar restrictions.

15. Upon information and belief, it is not against Defendants' company policy to be in a pre-existing relationship with another co-employee of the opposite sex.

16. Plaintiff and her partner made a complaint regarding this disparate treatment to Defendants' food and beverage manager, Evelyn Henck, and Mr. Sposato; however, no assurances were made to Plaintiff that she and her partner were not going to intentionally be kept separate at work moving forward.

17. Shortly following her complaint, on or about February 5, 2020, Plaintiff's employment was terminated.

18. Defendants' stated reason for terminating Plaintiff's employment was for giving out "spoilage" (left-over food at the end of a shift) to customers and other employees and eating said food herself.

19. Upon information and belief, similarly situation employees who are male, and/or not openly LGBT are believed to have participated in the same or similar conduct and were not disciplined nor terminated.

20. On one occasion, Defendants' night supervisor, Brandon Myers, asked other employees if they wanted products before he threw them out.

21. Defendants' customer service supervisor Janclair Vaughn took products home at the end of several shifts, in front of other employees.

22. On another occasion Ms. Henck took cutting boards from the store instead of disposing of them, and Mr. Sposato took knives from the store instead of disposing of them.

23. Plaintiff was subjected to a severe and pervasive hostile work environment within Defendants' Audubon, Pennsylvania store.

24. Sexual orientation is a protected category under Title VII where the adverse action or harassment implicates gender stereotypes.

25. Defendants, by and through the conduct of their manager, officers and employees, retaliated against Plaintiff.

26. As a direct and proximate result of Defendants' conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

### III. Causes of Action.

#### COUNT I
#### TITLE VII CLAIM--RETALIATION
#### (42 U.S.C.A. § 2000e-3(a))

27. Plaintiff incorporates paragraphs 1-26 as if fully set forth at length herein.

28. At set forth above, Plaintiff, made complaints to Defendants concerning a pattern of sex discrimination as described above.

29. In retaliation for making these complaints, Defendants took adverse action against Plaintiff.

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

30.   Plaintiff's participation in protected activity under Title VII was a motivating factor in Defendants' adverse actions.

31.   As such, Defendants' decision to terminate Plaintiff's employment is a retaliatory action contemplated by Civil Rights Act of 1964, § 704(a).

32.   As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

33.   As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

34.   Pursuant to the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), et seq Plaintiff demands attorneys fees and court costs.

## COUNT II
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Hostile Work Environment; 42 U.S.C.A. § 2000 et seq)

35.   Plaintiff incorporates paragraphs 1-34 as if fully set forth at length herein.

36.   Defendants employed fifteen (15) or more employees.

37.   As described above, Plaintiff was subjected to disparate treatment as a result of her sexual orientation while being employed by Defendants.

38.   The aforementioned actions and conduct were severe, pervasive and continuous, and created a hostile work environment for Plaintiff.

39.   Plaintiff complained about the aforementioned conduct and was retaliated against as set forth above.

40. Defendants' conduct, as set forth above, violates Title VII of the Civil Right Act of 1964.

41. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages including by not limited to: great economic loss, future lost earning capacity, lost opportunity, lost future wages, loss of front pay and back pay, as well as emotional distress, mental anguish, humiliation, personal injury type damages, pain and suffering, consequential damages, as well as a work loss, loss of opportunity and a permanent diminution of his earning power and capacity, and a claim is made therefore.

## COUNT III
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## (43 P.S. § 955)

42. Plaintiffs incorporate paragraphs 1-41 as if fully set forth at length herein.

43. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee.

44. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

45. Defendants are "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

46. Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her sexual orientation and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

47. Defendants' aforementioned conduct in terminating Plaintiff's employment constitutes an adverse action and was taken as a result of their complaints and participation in a Title VII investigation and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

48.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

49.     As a result of the conduct of Defendants' owners/management, Plaintiffs hereby demand punitive damages.

50.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq Plaintiffs demand attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff, HANNA KQIRA demands judgment in her favor and against Defendants, WAWA, INC., in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Liquidated damages;

D. Attorneys fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

                                                        **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                                        BY: _____
                                                        **GRAHAM F. BAIRD, ESQUIRE**
                                                        Two Penn Center
                                                        1500 JFK Boulevard, Suite 1240
                                                        Philadelphia, PA 19102

                                                        Attorney for Plaintiff, Hanna Kqira

Date: __5/25/2021_

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I, Hanna Kqira, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

05/25/2021

(Date Signed)

Hanna Kqira

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXH. A

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Hanna Kqira<br>5639 Amelia Plantation Drive<br>Katy, TX 77449 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-05688 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson* (signature)

February 24, 2021

Enclosures(s)

Jamie R. Williamson,
District Director

(Date Issued)

cc:
Edward Yost
Assistant General Counsel
WAWA, INC.
260 West Baltimore Pike
Media, PA 19063

Justin F. Robinette, Esq.
THE LAW OFFICES OF ERIC A. SHORE, P.C.
1500 John F. Kennedy Bouleard
Suite 1240
Philadelphia, PA 19106

Case# 2021-07097-0 Docketed at Montgomery County Prothonotary on 05/25/2021 2:12 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*